# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 08-03014-01-CR-S-RED |
| RANDY LEE NEIL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Defendant has filed a Motion to Quash Search Warrant and Suppress Evidence. [Doc. # 37]. The government has responded to that motion. [Doc. # 39].

Defendant has moved to quash a search warrant, which was issued by an associate judge for Dallas County for a search of his residence in Polk County on August 8, 2007. He contends that the associate circuit judge for Dallas County did not have any authority to issue the search warrant for his residence in Polk County. He relies on Mo. Rev. Stat. § 452.266[1] to support his argument that the judge was not authorized to issue the search warrant because he was not a judicial officer in Polk County. It is his contention that because the warrant was not issued by a judge with authority in Polk County, it was in violation of Mo. Rev. Stat. § 542.276.6(7), and is deemed invalid. Defendant relies on State v. Berkwit, 689 S.W.2d 763, 765 (Mo. App. 1985), to support this argument, as well as his contention that the "good faith" exception is inapplicable.

---

[1] It appears that defendant intended to cite to § 542,266, and that this is a mere typographical error.

1

He asserts that the seizure of contraband made pursuant to a search authorized by a statutorily invalid warrant mandates suppression of the evidence.

The government states that on August 8, 2007, Missouri State Highway Patrol Sergeant Daniel Banasik submitted a complaint for a search warrant and a supporting affidavit for defendant's residence in Polk County, which is in the 30th Judicial District, to Polk County Prosecuting Attorney Paul Davolt for review. The government submits that "Davolt's personal calendar shows that no hearings were scheduled before Judge John Porter of Polk County on August 8, even though that was the county's regularly scheduled Law Day. In accordance with Local Rule 6.6, . . . in the absence of 'the regular judge' in Polk County, the complaint and application were forwarded to Associate Circuit Judge Cody Hanna in Dallas County, also in the 30th Circuit, who reviewed the application and affidavit and signed the search warrant." [Government's Response, at 3-4].

It is the government's position that, due to the unavailability of a Polk County judge, a judge of the 30th Judicial Circuit was authorized to make a probable cause determination and issue the search warrant. It asserts that the actions of the officer, the prosecutor, and the associate circuit judge were in accordance with Missouri statutes, case law, and local court rules. Initially, it is submitted that the 30th Judicial Circuit of Missouri consists of Benton, Hickory, Polk, and Dallas Counties. Under Local Rule 6.6, "Absence of Judge," "[w]hen the regular judge of any Associate or Probate Division is unable to act for any reason, any Judge of the circuit, other than Municipal Judges, may:. . . (2) hold the non adversary proceeding and issue search warrants as provided by law or Supreme Court rule." The rule further provides that "[t]he authority hereby granted shall not require a specific transfer and all judges, other than municipal

2

judges, are transferred and assigned to all Associate or Probate Divisions of the 30th Judicial Circuit for the purposes set forth herein." Local Rule 6.6.

The government also contends that Missouri Supreme Court Rule 34.01 incorporates Chapter 542 of the Missouri Revised Statutes to govern procedures in searches and seizures. It is asserted that the subsection of Missouri law cited by defendant, § 542.276.6(7), is inapposite because it merely states that the search warrant must be signed by the judge with the title of office indicated. In this case, it is submitted that the warrant bears Judge Hanna's signature, and identifies him as a judge of the circuit. The government states that § 542.276.10(4) provides that a search warrant must be issued in a "proper county," but does not state that it must be issued in the county in which it is to be executed. Additionally, pursuant to Chapter 478, "associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts." Mo. Rev. Stat. § 478.220 (2008).

Having fully reviewed the applicable statutes, rules and case law, the Court finds that it must be recommended that defendant's Motion to Quash Search Warrant and Suppress Evidence be denied. It is clear that Dallas County is within the 30th Judicial Circuit, which also includes Polk County. Under the local rule for that circuit, if a regular judge is unavailable, another judge within the circuit may act on his or her behalf. Such authority specific includes the ability to issue a search warrant. According to Missouri law, "[a] search warrant may be issued by an appellate judge or by any judge of a court having original jurisdiction within the territorial jurisdiction where the person, place, or movable or immovable thing to be searched is located at the time of the making of the application." Mo. Rev. Stat. § 542.266. Further, the Missouri Constitution expressly grants the circuit courts authority to enact local rules, provided they are

3

"not inconsistent with the rules of the supreme court." Mo. Const., Art. V, § 15, sub. 1. Therefore, while a judge ordinarily has jurisdiction within his or her county, a circuit judge or associate circuit judge can be authorized by the rules of the court to act in place of another circuit or associate circuit judge.

The question in the instant case is whether Judge Porter in Polk County, was unavailable, given that Local Rule 6.6 provides that when the regular judge "is unable to act for any reason, any judge of the circuit, other than a municipal judge, may issue a search warrant." In this case, because it was concluded that the regular judge in Polk County was absent, given that there was nothing set on the docket, the complaint and application were forwarded to Associate Circuit Judge Cody Hanna in Dallas County, also in the 30th Circuit, who reviewed the application and affidavit and signed the search warrant. The Court finds that it is reasonable to conclude that because it had been announced that there were no hearings scheduled for Judge Porter on the day in question, he was not available. Therefore, any associate circuit court judge within the 30th Judicial Circuit was authorized, pursuant to the local rules, to make a probable cause determination and to issue the search warrant.

Further, the Court notes that the case relied upon by defendant, <u>Berkwit</u>, is distinguishable, in that the search warrant in that case was issued in the City of St. Louis for a search of a vehicle located in Greene County. The Court held, in sustaining defendant's motion, that "Missouri statutes do not authorize a court of this circuit to order a search of an automobile which is detained in another circuit." 689 S.W.2d at 765. The Court concluded that the judge in St. Louis lacked the authority to issue the search warrant under § 542.266 because the vehicle was not within the judge's territorial jurisdiction, and that he acted beyond the territorial

4

jurisdiction of the circuit. In this case, both counties, Dallas and Polk, are within the same judicial circuit, where Associate Circuit Judge Cody Hanna was authorized, by Local Rule 6.6, to act in Judge Porter's place. Therefore, the Court is of the opinion that the warrant was issued by a judge with territorial jurisdiction over the area searched. See State v. Elliot, 845 S.W.2d 115, 119 (Mo. App. 1993).

Based on the foregoing, the Court finds that it must be recommended that defendant's motion be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Quash Search Warrant and Suppress Evidence be denied.

 /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: April 28, 2009